[Civ. No. 4364. First Appellate District, Division Two.—January 19, 1923.]

## CHARLES B. HUSSEY, Appellant, v. HENRIETTA LOEB, as Executrix, etc., Respondent.

[1] PLEADING—ACTION TO RECOVER WAGES—ANSWER—ISSUES.—In an action to recover wages alleged to be due plaintiff from defendant's testator, the issue on the allegation of the complaint as to the amount due is sufficiently raised where the answer not only categorically denies all the allegations of the complaint and, in addition, denies that there is due plaintiff on account of wages the sums alleged in the complaint "or any sum or at all," but also alleges that plaintiff had been paid all moneys coming to him under the contract, as well as for any and all work that plaintiff did for the decedent or for defendant.

[2] EVIDENCE — DEPOSITION OF INCOMPETENT WITNESS — WAIVER OF CODE PROVISIONS.—When the defendant to an action takes the deposition of the plaintiff who is incompetent to testify under the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure, he waives the provisions of that section, and the deposition so taken is admissible in evidence at the time of the trial.

[3] ID.—REFUSAL TO ADMIT DEPOSITION—LACK OF PREJUDICE.—The action of the trial court in refusing to admit such deposition, when offered in evidence by plaintiff, does not constitute reversible error where there is nothing in the deposition which tends to prove plaintiff's alleged cause of action.

[4] ID.—AMOUNT OF PROFITS—INSUFFICIENT PROOF.—Plaintiff having been entitled under his contract to recover a given percentage of the profits of the "finishing" business conducted by defendant's testator, but the evidence having shown that the latter was engaged in other business also, and plaintiff having made no effort whatever to prove the amount of profits of the "finishing" business, and not having been prevented from doing so by any action of the trial court, defendant's motion for a nonsuit was properly granted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Eastin for Appellant.

Theodore L. Breslauer for Respondent.

NOURSE, J.—This is an appeal from the judgment following defendant's motion for nonsuit. The appeal was taken to the supreme court and by that court transferred to this court for hearing. It was taken under the provisions of sections 953a et seq. of the Code of Civil Procedure, but plaintiff's counsel has not made any effort to comply with the provisions of the code nor with the rules of court covering such an appeal. As the main consideration for an appellate court upon an appeal from a judgment of nonsuit is whether plaintiff's evidence was sufficient to support his own case, it should be apparent that the attention of the appellate court should be directed to at least some of that evidence. The court has been assisted to some extent by the voluntary act of the defendant in printing some of the testimony upon which plaintiff relies.

The facts of the case material to the opinion are that plaintiff claimed to have been a partner of one Loeb, deceased, under a written agreement made on November 25, 1911, by the terms of which Loeb agreed to employ Hussey as a finisher in Loeb's furniture business and to pay him for his services the regular union scale rate of wages paid to finishers for the actual time of his employment; also twenty-five per cent of the net profits of the finishing business done by Loeb. The parties went to work under the agreement and continued until October 31, 1918, which was about the time of Loeb's death. The first cause of action alleged that there was due plaintiff on account of wages the sum of $942.20. The second cause of action alleged, upon information and belief, that twenty-five per cent of the net profits of the said business amounted to $2,000, and that there had not been an accounting therefor.

It was not alleged that this sum remained unpaid to plaintiff or that any amount was due under this cause of action.

All the material allegations of the first cause of action were denied, and a special defense was interposed to the effect that plaintiff had been fully paid all moneys due him under said contract, and also that the contract on which the cause of action was based had, by mutual consent of the parties, been abrogated and canceled in the year 1912. To the second cause of action the same defense was made, and it was also denied that no accounting had been had or that plaintiff was entitled to any accounting at this time. The provisions of section 337 and of subdivision 1 of section 339 of the Code of Civil Procedure were also pleaded as barring both causes of action. The motion for a nonsuit was made upon the grounds of failure of proof and the bar of the statute.

[1] Appellant contends that his allegation that $942.20 was the balance due on account of wages was not denied, but the answer categorically denied the allegations of the complaint, and, in addition, denied that there was due appellant on account of wages the sums alleged in the complaint "or any sum or at all." In addition to this the answer alleged that appellant had been fully paid all moneys coming to him under the contract, as well as for any and all work that appellant did for the decedent or for the respondent. This sufficiently raised the issue on the allegations of the first cause of action. It is true, as argued by appellant, that payment and abrogation of the contract are defenses, the burden of proof of which is upon the defendant, but we are now discussing the question of pleading and not of proof. It is also argued that the pleading of the statute of limitations is defective in that the answer fails to refer to the subdivision of section 337 upon which the pleader relied. It is unnecessary to determine this because the nonsuit was properly granted on the ground of failure to prove either cause of action.

[2] Prior to the trial appellant's deposition was taken by the respondent, and this was offered in evidence by the appellant at the trial. Respondent objected to its introduction on the ground that the appellant was barred from testifying in the case by the provisions of section 1880, subdivision 3, of the Code of Civil Procedure. The objection was

sustained and the deposition was excluded. Thereafter the supreme court, in the case of *McClenahan* v. *Keyes,* 188 Cal. 574 [206 Pac. 454, 455], held that, when a party took the deposition of a witness who was incompetent to testify under section 1880, he waived the provisions of the section and that the deposition so taken was admissible in evidence at the time of the trial. The trial court was, therefore, in error in excluding this deposition.

[3] However, we have read the deposition, which is appended to respondent's brief, and find that this error was not a substantial one. So far as the first cause of action is concerned, there is nothing in the deposition which tends to prove that anything was due appellant. The other evidence does not prove the allegations of this cause of action. Reference is made to the testimony of two witnesses who were called by the appellant to show that he had been working steadily under his contract of employment. One of these witnesses was a policeman who walked upon the beat where the place of business was located. Another was an undertaker who had maintained his place of business next door to Hussey and Loeb for the first two or three years of the seven-year period over which appellant's employment extended. From the testimony of these witnesses appellant insists that he intended to prove that he had commenced work under the contract on December 1, 1911, and had continued thereunder until October 31, 1918, working every day, Sundays and holidays included, during that entire period. Of course, the testimony of these witnesses did not tend to prove any such thing, and the testimony of appellant himself at the time of taking his deposition was to the effect that he worked *very often* on Sundays and holidays. It is also argued that a paper, which appellant designated as a "bill of particulars," and which was filed in response to a demand therefor, proves the first cause of action. This paper is merely a statement of receipts from Otto Loeb, presumably of moneys received by appellant over a period extending from December, 1911, to October, 1918. It does not show any time of employment or any sum due to appellant. From the entire record it is apparent that appellant did not prove any cause of action for wages due and that he was not prevented from making such proof by any action of

the trial court. Judgment for nonsuit as to the first cause of action was, therefore, properly granted.

[4] As to the second cause of action, although the pleading is not a model in any sense of the word, there are facts pleaded which, in the absence of objection, were sufficient to maintain a cause of action for an accounting. By the terms of the written contract upon which appellant relies he was entitled to twenty-five per cent of the net profits of the *finishing* business. He alleged in his complaint that he was entitled to twenty-five per cent of the net profits of appellant's *business*. He testified in his deposition that the finishing business "pertains to furnishing, that is, re-finishing, taking the wood, the new wood, and finishing up; polishing, varnishing, and that sort of thing; and old work, repairing, upholstering. That is finishing business"; but that Loeb was also engaged in the business of buying and reselling furniture, and that he was engaged in "everything pertaining to a shop of that kind." Appellant made no effort whatever to prove the amount of profits of the *finishing* business covering the period of his contract, and was not prevented from doing so by any action of the trial court. The nonsuit was, therefore, properly granted as to the second cause of action.

Criticism is made of rulings of the trial court in the examination of the witness Fredericks. There was no error in any of these rulings. In fact, all the testimony of this witness might have been stricken out without affecting appellant's case.

The witness Jules Loeb, a brother of deceased, was asked if the deceased had borrowed money from him or his mother, or from some other person, to start in the business with Hussey. He answered that he could not say. He was then asked if he knew where the deceased got the money to put into that business. The objection to this question was sustained. Appellant argues that this was error, as it was essential for him to prove that whatever estate the deceased had was the proceeds of the business with Hussey and that the deceased had no business or means at the start. We are unable to perceive how the inquiry had any possible bearing upon appellant's case. The same witness was asked if after the death of decedent he had offered to sell the books of account of the business. Objection to this was

sustained and this ruling is claimed to be error. The trial court properly ruled that this was not binding upon the estate as the witness had no authority to sell the books. In the absence of a refusal, after demand, to produce these books for the purpose of an accounting, the inquiry had no bearing upon the issues raised in either cause of action.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.